**Kadrija CUROVIC, Dzevahire Curovic, Petitioners,**

**v.**

**Attorney General Roberto R. GON-**

ZALES,[1] U.S. Department of
Justice, Respondent.

No. 03–40898–AG.

United States Court of Appeals,
Second Circuit.

Dec. 12, 2005.

Paul Stamatelatos, Astoria, New York, for Petitioner.

Jonathan S. Gasser, Acting United States Attorney for the District of South Carolina, Marvin J. Caughman, Assistant United States Attorney, Columbia, South Carolina, for Respondent.

Present: NEWMAN, RAGGI, and HALL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is hereby DENIED.

Kadrija Curovic and Dzevahire Curovic, through counsel, petition for review of the BIA decision denying their claims for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history.

Preliminarily, we observe that the record in this case raises certain questions as to jurisdiction given that the challenged decision relates only to asylum and not an order of removal, *see* 8 U.S.C. § 1252, and some ambiguity as to petitioner's full exhaustion of administrative remedies, *see id.* § 1252(d)(1). No matter. Even if we assume these issues would be resolved in petitioner's favor, *see Fama v. Commissioner of Corr. Servs.,* 235 F.3d 804, 817 n.

11 (2d Cir.2000), petitioner would not be entitled to the relief sought.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed that decision without opinion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). Because it is the only issue on appeal over which we have jurisdiction, this Court must consider whether the IJ properly determined that Curovic did not objectively fear persecution.

To establish asylum eligibility based on a well-founded fear of persecution, an applicant must show that he or she subjectively fears persecution and that this fear is objectively reasonable. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir. 2004). This Court reviews an IJ's finding of fact under the substantial evidence standard, and as such, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

There is substantial evidence in the record to support the IJ's finding that country conditions in Montenegro have changed to the point where Curovic's fear of returning is no longer objectively reasonable. By 2001, the country conditions had vastly improved. Although there is documentation in the record describing individual instances of physical abuse by the government, the record as a whole does not compel a finding that Curovic's fear is objectively well-founded.

Accordingly, the petition is petition is denied, the outstanding motion for stay of removal is denied.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.